# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA D. HINES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. CIV-13-739-R |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record, ECF No. 11, (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this report and recommendation.

## PROCEDURAL HISTORY

Plaintiff's application was denied initially and on reconsideration at the administrative level. At her request, Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ), who issued an unfavorable decision on June 11, 2012 (TR. 10-23). Plaintiff appealed the ALJ's unfavorable decision to the Social Security

Appeals Council which accepted additional medical records regarding her mental impairments, but nevertheless found no reason to review the ALJ's decision (TR. 1-5). This judicial appeal followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to two inquiries: whether the administrative decision was supported by substantial evidence and whether the correct legal standards were applied. *See Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's application, the ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since she filed her application on June 16, 2009 (TR. 12). At step two, the ALJ determined that Plaintiff has the severe impairments of lupus, fibromyalgia, depression and anxiety (TR. 12).

At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15).

At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR

416.967(b) except perform simple and some complex tasks with routine supervision

(TR. 16). At the second phase of step four, the ALJ identified Plaintiff's past relevant work as a psychic advisor[1] and, based on the testimony of the VE, determined that Plaintiff could return to her past relevant work (TR. 20).

The ALJ made an alternative finding at step five of the sequential evaluation, finding that Plaintiff could perform other jobs available in significant numbers in the national economy such as housekeeper/cleaner, self-service store attendant, and cashier II (TR. 21).

## ISSUES FOR REVIEW

Plaintiff contends the Commissioner's final decision should be reversed and remanded because the ALJ failed to conduct a proper analysis of the Plaintiff's systemic lupus erythematosus at step three of the sequential evaluation. Plaintiff further challenges the ALJ's analysis at step four and step five.

## ANALYSIS

Plaintiff challenges the ALJ's finding at step three that Plaintiff does not meet or equal the listing for systemic lupus erythematous (SLE). Plaintiff contends that the ALJ's

---

[1] As the Commissioner acknowledges, Plaintiff actually has no past relevant work because her earnings record revealed that none of her past jobs qualified as substantial gainful activity. However, the ALJ's alternative step-five decision that other jobs existed in significant numbers in the national economy that Plaintiff could perform given her RFC, renders the ALJ's step-four finding harmless. *See Murrell v. Shalala*, 43 F.3d 1388, 1389–90 (10th Cir. 1994) (affirming step-five finding despite alleged errors at step four).

failure to discuss any medical evidence supporting her step-three finding leaves this Court with nothing to review. ECF No. 13:8-12.

The listings related to autoimmune disorders contain a general description of SLE followed by specific criteria which a claimant must meet to be considered presumptively disabled:

> Systemic lupus erythematosus (14.02).
>
> a. General. Systemic lupus erythematosus (SLE) is a chronic inflammatory disease that can affect any organ or body system. It is frequently, but not always, accompanied by constitutional symptoms or signs (severe fatigue, fever, malaise, involuntary weight loss). Major organ or body system involvement can include: Respiratory (pleuritis, pneumonitis), cardiovascular (endocarditis, myocarditis, pericarditis, vasculitis), renal (glomerulonephritis), hematologic (anemia, leukopenia, thrombocytopenia), skin (photosensitivity), neurologic (seizures), mental (anxiety, fluctuating cognition ("lupus fog"), mood disorders, organic brain syndrome, psychosis), or immune system disorders (inflammatory arthritis). Immunologically, there is an array of circulating serum auto-antibodies and pro- and anti-coagulant proteins that may occur in a highly variable pattern.
>
> b. Documentation of SLE. Generally, but not always, the medical evidence will show that your SLE satisfies the criteria in the current "Criteria for the Classification of Systemic Lupus Erythematosus" by the American College of Rheumatology found in the most recent edition of the Primer on the Rheumatic Diseases published by the Arthritis Foundation.

20 C.F.R. § 404 Appendix 1, 14.00D1.

Listing 14.02 requires a claimant to produce evidence demonstrating that she meets the following criteria:

> 14.02 Systemic lupus erythematosus. As described in 14.00D1 with:

> A. Involvement of two or more organs/body systems, with:
>
> 1. One of the organs/body systems involved to at least a moderate level of severity; and
>
> 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).or
>
> B. Repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
>
> 2. Limitation in maintaining social functioning.
>
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace

20 C.F.R. § 404, Appendix 1.

Plaintiff correctly notes that the ALJ did not specify the relevant listing for SLE or identify any medical evidence to support her finding that Plaintiff did not meet the criteria for the SLE listing. Additionally, it is evident from her step-three analysis that the ALJ did not consider the effects of Plaintiff's fibromyalgia combined with her SLE, and mental impairments:

> There is no listed impairment for fibromyalgia so the Administrative Law Judge considers the listed impairment for systemic lupus erythematosus, which also is a reference listing. There is no evidence that the claimant meets the requirements of any body system listed impairment.
>
> The Administrative Law Judge considers the listed impairment for systemic lupus erythematosus, which is a reference listing. There is no evidence that the claimant meets the requirements of any body system listed impairment. Similarly, the listing for rheumatoid arthritis does not meet the requirements for a referenced body

5

> system. Although the claimant has had some joint pain and swelling, she does not have findings of a loss of gait and station, nor are there findings of lack of gross and fine manipulation. The claimant does not meet the requirements of a listed autoimmune disease impairment

(TR. 15).

From her summary conclusion, the Court infers that the ALJ misunderstood the medical requirements of listing 14.02. The listing requires a claimant to produce evidence demonstrating only the "*involvement*" of two or more organs/body systems. The listing specifies that the resulting impairments of at least one of the two organs or body systems involved be at least moderately severe. But there is no requirement that the involved organs or body systems *meet* the listing relevant to that organ or body system. If a claimant were required to prove that her SLE-related impairments meet the requirements of the relevant listing for the organs or body systems involved, the listing for SLE would be duplicative. Thus, the ALJ began her analysis with a faulty premise.

Plaintiff cites medical records in the administrative record as evidence demonstrating that her SLE has resulted in the "involvement" of two or more body systems including mental disorders (major depression, TR. 256, 257, 334), skin disorders (photosensitivity and malar rash, TR. 281), and immune system disorders (osteoarthritis with joint swelling, TR. 282), as required by listing 14.02(A)(1). Plaintiff further contends that the medical evidence demonstrates that she has the constitutional symptoms of severe fatigue (TR. 248, 263), and fever (TR. 262).

The Commissioner's sole argument in support of the ALJ's decision is that some of the evidence Plaintiff cites to support her assertion that she meets the listing at

6

14.02 is not germane to the time period considered by the ALJ—from June 16, 2009, the date of her application for benefits, through June 11, 2012, the date of the ALJ's unfavorable decision. In support of her argument, the Commissioner cites *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). In *Flint*, the Tenth Circuit Court of Appeals affirmed the Commissioner's denial of benefits to a claimant because the only evidence of disability consisted of medical records generated *after* the claimant's insured status had expired *Id*. *Flint* is distinguishable from this case. The medical records at issue in this case were generated *before* Plaintiff filed her application. To be entitled to benefits, a claimant must show that she is totally disabled, but she cannot receive benefits for any period prior to the filing of her application. *Kepler v. Chater*, 68 F.3d 387, 389 (10th Cir. 1995) (citing 20 C.F.R. § 416.335). Therefore, establishing the specific onset date of disability is often irrelevant. Nevertheless, to meet the "duration requirement," for benefits, a claimant must demonstrate that her impairment has lasted, or is expected to last for a continuous period of at least twelve months (20 C.F.R. § 416.909). Therefore, medical evidence dated before the application date, but otherwise related to a claimant's disability is relevant. *See also* SSR 83-20 at *8 (onset date of disability may be required to determine the duration requirement). Finally, SLE and fibromyalgia are chronic, progressive diseases for which there is no cure. In such cases, determining "the precise date an impairment became disabling" is sometimes impossible (SSR 83-20 at *2). Disregarding all medical evidence dated before the application date as irrelevant could, therefore, lead to a decision unsupported by substantial evidence.

On remand, the ALJ should consider enlisting the services of a medical expert. In addition to correctly analyzing the listing at 14.02, the ALJ should also consider the combined effects of SLE and fibromyalgia, even though there is not a listing for the latter condition.

The Court need not consider Plaintiff's assignment of errors at steps four and five.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the ALJ's decision is not supported by substantial evidence in the record. Thus, it is recommended that the decision of the Commissioner be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 21, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on August 7, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE